been fully performed, Settling Defendant shall schedule and conduct a pre-certification inspection to be attended by Settling Defendant and EPA. If, after the pre-certification inspection, Settling Defendant still believes that the Work has been fully performed, Settling Defendant shall submit a written report by a registered professional engineer stating that the Work has been completed in full satisfaction of the requirements of this Consent Decree. The report shall contain the statement set forth in Paragraph 48, signed by a responsible corporate official of a Settling Defendant or Settling Defendant's Project Coordinator. If, after review of the written report, EPA, after reasonable opportunity for review and comment by the State, determines that any portion of the Work has not been completed in accordance with this Consent Decree, EPA will notify Settling Defendant in writing of the activities that must be undertaken by Settling Defendant pursuant to this Consent Decree to complete the Work, provided, however, that EPA may only require Settling Defendant to perform such activities pursuant to this Paragraph to the extent that such activities are consistent with the "scope of the remedy set forth in the ROD," as that term is defined in Paragraph 11. EPA will set forth in the notice a schedule for performance of such activities consistent with the Consent Decree and the RD/RA Work Plan or require Settling Defendant to submit a schedule to EPA for approval pursuant to Section XI (EPA Approval of Plans, Reports, and Other Deliverables). Settling Defendant shall perform all activities described in the notice in accordance with the specifications and schedules established therein, subject to their right to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution).

   b. If EPA concludes, based on the initial or any subsequent request for Certification of Completion of the Work by Settling Defendant and after a reasonable opportunity for review and comment by the State, that the Work has been performed in accordance with this Consent Decree, EPA will so notify Settling Defendant in writing.

XV. EMERGENCY RESPONSE

   50. If any action or occurrence during the performance of the Work that causes or threatens a release of Waste Material from the Site that constitutes an emergency situation or may present an immediate threat to public health or welfare or the environment, Settling Defendant shall, subject to Paragraph 51, immediately take all appropriate action to prevent, abate, or minimize such release or threat of release, and shall immediately notify the EPA's Project Coordinator, or, if the Project Coordinator is unavailable, EPA's Alternate Project Coordinator. If neither of these persons is available, Settling Defendant shall notify the Chief of the Response and Prevention Branch of the Emergency and Remedial Response Division of EPA, Region 2, at (732) 321-6656, or, if such person or his/her delegate is unavailable, the EPA Region 2 Emergency 24-hour Hot Line at (732) 548-8730. Settling Defendant shall take such actions in consultation with EPA's Project Coordinator or other available authorized EPA officer and in accordance with all applicable provisions of the health and safety plans and any other applicable plans or documents developed pursuant to the RD/RA Work Plan. In the event that Settling Defendant fails to take appropriate response action as required by this Section, and EPA takes such action instead, Settling Defendant shall reimburse EPA all costs of the response action under Section 52 (Payments for Response Costs).

   51. Subject to Section XXI (Covenants by Plaintiff), nothing in the preceding Paragraph or in this Consent Decree shall be deemed to limit any authority of the United States

25

(a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, or (b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site.

## XVI. PAYMENTS FOR RESPONSE COSTS

52.     Payment by Settling Defendant for Past Response Costs.

a.      Within 45 days after the Effective Date, Settling Defendant shall pay to EPA $225,000 in payment for Past Response Costs. Payment shall be made in accordance with Paragraph 54(a) (Instructions for Past Response Cost Payments).

b.      The total amount to be paid by Settling Defendant pursuant to this paragraph shall be deposited by EPA in the Shenandoah Road Groundwater Contamination Superfund Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

53.     Payments by Settling Defendant for Future Response Costs.

a.      Settling Defendant shall pay to EPA all Future Response costs not inconsistent with the NCP.

b.      On a periodic basis, EPA will send Settling Defendant a bill requiring payment that includes a printout of cost data from EPA's financial management system that includes direct and indirect costs and a DOJ case cost summary. Settling Defendant shall make all payments within 45 days after Settling Defendant's receipt of each bill requiring payment, except as otherwise provided in Paragraph 54.a., in accordance with Paragraph 54.b. (Instructions for Future Response Cost Payments) and 55.c. (Instructions for All Payments).

54.     Payment Instructions for Settling Defendant.

a.      Instructions for Past Response Costs Payments.  The payment required by Paragraph 52 of this Consent Decree shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of New York. The payment instructions provided by the Financial Litigation Unit will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.

b.      Instructions for Future Response Costs Payments and Stipulated Penalties. All payments required by Paragraph 53 of this Consent Decree and Section XX (Stipulated Penalties) shall be made by FedWire EFT to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street

New York NY 10045
Field Tag 4200 of the FedWire message should read "D 68010727
Environmental Protection Agency"

  c. <u>Instructions for All Payments</u>. All payments made under Paragraphs 52
and 53 shall reference the CDCS Number, Site/Spill ID Number 02QB, and DOJ Case Number
90-11-3-10844. At the time of any payment required to be made in accordance with Paragraph 54
Settling Defendant shall send notice that payment has been made to the United States, and to
EPA, in accordance with Section XXVI (Notices and Submissions), and to the EPA Cincinnati
Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail at:

    Regional Financial Management Officer
    U.S. Environmental Protection Agency
    26 Martin Luther King Drive
    Cincinnati Finance Center, MS: NWD
    Cincinnati, Ohio 45268

Such notice shall also reference the CDCS Number, Site/Spill ID Number, and DOJ Case
Number.

  55. Settling Defendant may contest any Future Response Costs billed under
Paragraph 53 (Payments by Settling Defendant for Future Response Costs) if it determines that
EPA has made a mathematical error or included a cost item that is not within the definition of
Future Response Costs, or if it believes EPA incurred excess costs as a direct result of an EPA
action that was inconsistent with a specific provision or provisions of the National Contingency
Plan. Such objection shall be made in writing within 30 days after receipt of the bill and must be
sent to the United States pursuant to Section XXVI (Notices and Submissions). Any such
objection shall specifically identify the contested Future Response Costs and the basis for
objection. In the event of an objection, Settling Defendant shall pay all uncontested Future
Response Costs to the United States within 30 days Settling Defendant's receipt of the bill
requiring payment. Simultaneously, Settling Defendant shall establish, in a duly chartered bank
or trust company, an interest-bearing escrow account that is insured by the Federal Deposit
Insurance Corporation ("FDIC"), and remit to that escrow account funds equivalent to the
amount of the contested Future Response Costs. Settling Defendant shall send to the United
States, as provided in Section XXVI (Notices and Submissions), a copy of the transmittal letter
and check paying the uncontested Future Response Costs, and a copy of the correspondence that
establishes and funds the escrow account, including, but not limited to, information containing
the identity of the bank and bank account under which the escrow account is established as well
as a bank statement showing the initial balance of the escrow account. Simultaneously with
establishment of the escrow account, Settling Defendant shall initiate the Dispute Resolution
*procedures in Section XIX (Dispute Resolution). If the United States prevails in the dispute,*
Settling Defendant shall pay the sums due (with accrued interest) to the United States within five
days after the resolution of the dispute. If Settling Defendant prevails concerning any aspect of
the contested costs, Settling Defendant shall pay that portion of the costs (plus associated
accrued interest) for which it did not prevail to the United States within five days after the
resolution of the dispute. Settling Defendant shall be disbursed any balance of the escrow
account. All payments to the United States under this Paragraph shall be made in accordance

with Paragraphs 54.b) (Instructions for Future Response Cost Payments) and 54.c) (Instructions for All Payments). The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding Settling Defendant's obligation to reimburse the United States for its Future Response Costs.

56.    Interest. In the event that any payment for Past Response Costs or for Future Response Costs required under this Section is not made by the date required, Settling Defendant shall pay Interest on the unpaid balance. The Interest to be paid on Past Response Costs under this Paragraph shall begin to accrue 30 days after the date of the bill. The Interest on Future Response Costs shall begin to accrue on the date of the bill. The Interest shall accrue through the date of Settling Defendant's payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Section XX.

## XVII.  INDEMNIFICATION AND INSURANCE

57.    Settling Defendant's Indemnification of the United States. The United States does not assume any liability by entering into this Consent Decree or by virtue of any designation of Settling Defendant as EPA's authorized representative under Section 104(e) of CERCLA, 42 U.S.C. § 9604(e). Settling Defendant shall indemnify, save and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, and representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendant as EPA's authorized representative under Section 104(e) of CERCLA. Further, Settling Defendant agrees to pay the United States all costs it incurs including, but not limited to, attorneys' fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree. The United States shall not be held out as a party to any contract entered into by or on behalf of Settling Defendant in carrying out activities pursuant to this Consent Decree. Neither Settling Defendant nor any such contractor shall be considered an agent of the United States.

58.    The United States shall give Settling Defendant notice of any claim for which the United States plans to seek indemnification pursuant to Paragraph 57, and shall consult with Settling Defendant prior to settling such claim.

59.    Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account of any contract, agreement, or arrangement between any Settling Defendant and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction

28

delays. In addition, Settling Defendant shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between Settling Defendant and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

60. No later than 15 days before commencing any on-site Work, Settling Defendant shall secure, and shall maintain until the first anniversary after issuance of EPA's Certification of Completion of the Remedial Action pursuant to Paragraph 48.b) of Section XIV (Certification of Completion), commercial general liability insurance with limits of five million dollars, for any one occurrence, and automobile liability insurance with limits of two million dollars, combined single limit, naming the United States as an additional insured with respect to all liability arising out of the activities performed by or on behalf of Settling Defendant pursuant to this Consent Decree. In addition, for the duration of this Consent Decree, Settling Defendant shall satisfy, or shall ensure that its contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendant in furtherance of this Consent Decree. Prior to commencement of the Work under this Consent Decree, Settling Defendant shall provide to EPA certificates of such insurance and a copy of each insurance policy. Settling Defendant shall resubmit such certificates and copies of policies each year on the anniversary of the Effective Date. If Settling Defendant demonstrates by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, Settling Defendant need provide only that portion of the insurance described above that is not maintained by the contractor or subcontractor.

## XVIII. FORCE MAJEURE

61. "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Settling Defendant, of any entity controlled by Settling Defendant, or of Settling Defendant's contractors that delays or prevents the performance of any obligation under this Consent Decree despite Settling Defendant's best efforts to fulfill the obligation. The requirement that Settling Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure such that the delay and any adverse effects of the delay are minimized to the greatest extent possible. "Force majeure" does not include financial inability to complete the Work or a failure to achieve the Performance Standards.

62. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree for which Settling Defendant intends or may intend to assert a claim of force majeure, Settling Defendant shall notify EPA's Project Coordinator orally or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Emergency and Remedial Response Division, EPA Region 2, within 48 hours of when Settling Defendant first knew that the event might cause a delay. Within five days thereafter, Settling Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated

29

duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Settling Defendant's rationale for attributing such delay to a force majeure; and a statement as to whether, in the opinion of Settling Defendant, such event may cause or contribute to an endangerment to public health or welfare, or the environment. Settling Defendant shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure. Settling Defendant shall be deemed to know of any circumstance of which Settling Defendant, any entity controlled by Settling Defendant, or Settling Defendant's contractors knew or should have known. Failure to comply with the above requirements regarding an event shall preclude Settling Defendant from asserting any claim of force majeure regarding that event, provided, however, that if EPA, despite the late notice, is able to assess to its satisfaction whether the event is a force majeure under Paragraph 61 and whether Settling Defendant has exercised its best efforts under Paragraph 61, EPA may, in its unreviewable discretion, excuse in writing Settling Defendant's failure to submit timely notices under this Paragraph.

63.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure, the time for performance of the obligations under this Consent Decree that are affected by the force majeure will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure shall not, of itself, extend the time for performance of any other obligation. If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure, EPA will notify Settling Defendant in writing of its decision. If EPA agrees that the delay is attributable to a force majeure, EPA will notify Settling Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure.

64.     If Settling Defendant elects to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution), it shall do so no later than 15 days after receipt of EPA's notice. In any such proceeding, Settling Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendant complied with the requirements of Paragraphs 61 and 62. If Settling Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Settling Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## XIX. DISPUTE RESOLUTION

65.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes regarding this Consent Decree. However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of Settling Defendant that have not been disputed in accordance with this Section.

66.     Any dispute regarding this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal

30

negotiations shall not exceed 20 days from the time the dispute arises, unless it is modified by written agreement of the parties to the dispute. The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

67. Statements of Position.

a. In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within ten days after the conclusion of the informal negotiation period, Settling Defendant invokes the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by Settling Defendant. The Statement of Position shall specify Settling Defendant's position as to whether formal dispute resolution should proceed under Paragraph 68 (Record Review) or Paragraph 69.

b. Within 14 days after receipt of Settling Defendant's Statement of Position, EPA will serve on Settling Defendant its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 68 (Record Review) or Paragraph 69. Within 14 days after receipt of EPA's Statement of Position, Settling Defendant may submit a Reply.

c. If there is disagreement between EPA and Settling Defendant as to whether dispute resolution should proceed under Paragraph 68 (Record Review) or Paragraph 69, the parties to the dispute shall follow the procedures set forth in the paragraph determined by EPA to be applicable. However, if Settling Defendant ultimately appeals to the Court to resolve the dispute, the Court shall determine which paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 68 and 69.

68. Record Review.

a. Formal dispute resolution for disputes pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation, the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree, and the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendant regarding the validity of the ROD's provisions.

b. An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

c. The ERRD Director will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 68(b). This decision shall be

31

binding upon Settling Defendant, subject only to the right to seek judicial review pursuant to Paragraphs 68.d and 68.e.

       d.    Any administrative decision made by EPA pursuant to Paragraph 69.c. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by Settling Defendant with the Court and served on all Parties within ten days after receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendant's motion.

       e.    In proceedings on any dispute governed by this Paragraph, Settling Defendant shall have the burden of demonstrating that the decision of the ERRD Director is arbitrary and capricious or otherwise not in accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 68.b.

69.    Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law shall be governed by this Paragraph.

       a.    Following receipt of Settling Defendant's Statement of Position submitted pursuant to Paragraph 67, the ERRD Director will issue a final decision resolving the dispute. The ERRD Director's decision shall be binding on Settling Defendant unless, within ten days after receipt of the decision, Settling Defendant files with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendant's motion.

       b.    Notwithstanding Paragraph L (CERCLA Section 113(j) Record Review of ROD and Work) of Section I (Background), judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

70.    The invocation of formal dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Settling Defendant under this Consent Decree, not directly in dispute, unless EPA or the Court agrees otherwise. Stipulated penalties with respect to the disputed matter shall continue to accrue but payment shall be stayed pending resolution of the dispute as provided in Paragraph 75. Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree. In the event that Settling Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XX (Stipulated Penalties).

## XX.   STIPULATED PENALTIES

71.    <u>Liability for Stipulated Penalties.</u>

       a.    Settling Defendant shall be liable for stipulated penalties in the amounts set forth in Paragraphs 72 and 73 to the United States for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section XVIII (Force Majeure).

"Compliance" by Settling Defendant shall include completion of all payments and activities required under this Consent Decree, or any plan, report, or other deliverable approved under this Consent Decree, in accordance with all applicable requirements of law, this Consent Decree, the RD/RA Work Plan, and any plans, reports, or other deliverables approved under this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

72.     Stipulated Penalty Amounts – Tier 1.

      a.     The following stipulated penalties shall accrue per violation per day for any noncompliance identified in Paragraph 72.b.:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $  2,500 | 1st through 14th day |
| $  7,500 | 15th through 30th day |
| $ 10,000 | 31st day and beyond |

      b.     Compliance Milestones.

Submission and, if necessary, revisions and resubmission of any plan, report, or other deliverable required by Section VI (Performance of the Work by Settling Defendant) or by the RD/RA Work Plan or by any plan which is prepared pursuant to Section VI or the RD/RA Work Plan and approved by EPA;

      1.     Any deadline imposed by the RD/RA Work Plan or by any plan which is prepared pursuant to Section VI or the RD/RA Work Plan and approved by EPA;

      2.     Obligations imposed by Section XV (Emergency Response);

      3.     Obligations imposed by Section IX (Access and Institutional Controls);

      4.     Performance of the Remedial Action in accordance with the ROD, the RD/RA Work Plan, and this Consent Decree;

      5.     Modification of the RD/RA Work Plan pursuant to Paragraph 11, and implementation of the work called for by such modifications in accordance with the modified RD/RA Work Plan;

      6.     Implementation of O&M, in accordance with the ROD and this Consent Decree;

      7.     Implementation of the ICIAP in accordance with the ROD and this Consent Decree; and

      8.     Performance of studies and investigations pursuant to Section VII (Remedy Review).

73.   Stipulated Penalty Amounts – Tier 2.

a.   The following stipulated penalties shall accrue per violation per day for any noncompliance identified in Paragraph 73(b):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 1,000 | 1st through 14th day |
| $ 3,000 | 15th through 30th day |
| $ 5,000 | 31st day and beyond |

b.   Compliance Milestones.

1.   Permitting split or duplicate samples, quality assurance, and other requirements pursuant to Section VIII (Quality Assurance, Sampling, and Data Analysis);

2.   Designation of Settling Defendant's Project Coordinator as required by Section XII (Project Coordinators);

3.   Obligations imposed by Section XIII (Performance Guarantee);

4.   Timely submission and, if necessary, revision and resubmission of the name, title and qualifications of the proposed Supervising Contractor pursuant to Section VI (Performance of Work by Settling Defendant);

5.   Certification of completion requirements set forth in Section XIV (Certification of Completion), including both the requirement to make the certification and the requirement that the certification be truthful;

6.   Timely notification regarding any delay or anticipated delay consistent with Paragraph 29;

7.   Indemnification and insurance requirements set forth in Section XVII (Indemnification and Insurance);

8.   Reporting requirements set forth in Section X (Reporting Requirements);

9.   Timely submission of written notification of any off-Site shipment of Waste material from the Site to an out-of-state waste management facility pursuant to Paragraph 13;

10.   Submission of documents and other information in accordance with Section XXIV (Access to information);

11.   Payments required by Section XVI (Payments for Response Costs); and

12.   Any other requirement of this Consent Decree that applies to Settling Defendant and that is not identified in Paragraphs 72.b. and 73.b..

34

74.     In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 88 (Work Takeover), Settling Defendant shall be liable for a stipulated penalty in the amount of $1,000,000.  Stipulated penalties under this Paragraph are in addition to the remedies available under Paragraphs 45 (Funding for Work Takeover) and 88 (Work Takeover).

75.     All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  However, stipulated penalties shall not accrue:  (a) with respect to a deficient submission under Section XI (EPA Approval of Plans, Reports, and Other Deliverables), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendant of any deficiency; (b) with respect to a decision by the ERRD Director of EPA Region 2, under Paragraph 68.c. or 69.a. of Section  XIX (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendant's reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or (c) with respect to judicial review by this Court of any dispute under Section XIX (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

76.     Following EPA's determination that Settling Defendant has failed to comply with a requirement of this Consent Decree, EPA may give Settling Defendant written notification of the same and describe the noncompliance.  EPA may send Settling Defendant a written demand for the payment of the penalties.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified Settling Defendant of a violation.

77.     All penalties accruing under this Section shall be due and payable to the United States within 30 days after Settling Defendant's receipt from EPA of a demand for payment of the penalties, unless such Settling Defendant invokes the Dispute Resolution procedures under *Section XIX (Dispute Resolution) within the 30-day period.  All payments to the United States* under this Section shall indicate that the payment is for stipulated penalties, and shall be made in accordance with Paragraphs 54.b. (Instructions for Future Response Cost Payments) and 54.c. (Instructions for All Payments).

78.     Penalties shall continue to accrue as provided in Paragraph 75 during any dispute resolution period, but need not be paid until the following:

a.      If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owed shall be paid to EPA within 15 days after the agreement or the receipt of EPA's decision or order;

b.      If the dispute is appealed to this Court and the United States prevails in whole or in part, such Settling Defendant shall pay all accrued penalties determined by the Court *to be owed to EPA within 60 days after receipt of the Court's decision or order, except as* provided in Paragraph 78.c.;

35

c.     If the District Court's decision is appealed by Settling Defendant, Settling Defendant shall pay all accrued penalties determined by the District Court to be owed to the United States into an interest-bearing escrow account, established at a duly chartered bank or trust company that is insured by the FDIC, within 60 days after receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every 60 days. Within 15 days after receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to Settling Defendant to the extent that it prevails.

79.     If Settling Defendant fails to pay stipulated penalties when due, Settling Defendant shall pay Interest on the unpaid stipulated penalties as follows: (a) if Settling Defendant has timely invoked dispute resolution such that the obligation to pay stipulated penalties has been stayed pending the outcome of dispute resolution, Interest shall accrue from the date stipulated penalties are due pursuant to Paragraph 778 until the date of payment; and (b) if Settling Defendant fails to timely invoke dispute resolution, Interest shall accrue from the date of demand under Paragraph 77 until the date of payment. If Settling Defendant fails to pay stipulated penalties and Interest when due, the United States may institute proceedings to collect the penalties and Interest.

80.     The payment of penalties and Interest, if any, shall not alter in any way Settling Defendant's obligation to complete the performance of the Work required under this Consent Decree.

81.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendant's violation of this Consent Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(*l*) of CERCLA, 42 U.S.C. § 9622(*l*); provided, however, that the United States shall not seek civil penalties pursuant to Section 122(*l*) of CERCLA for any violation for which a stipulated penalty is provided in this Consent Decree, except in the case of a willful violation of this Consent Decree.

82.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties and accrued interest that have accrued pursuant to this Consent Decree.

## XXI.   COVENANTS BY PLAINTIFF

83.     <u>Covenants for Settling Defendant by United States</u>.   In consideration of the actions that will be performed and the payments that will be made by Settling Defendant under this Consent Decree, and except as specifically provided in Paragraphs 84 and 85 (United States' Pre- and Post-Certification Reservations), and 87 (General Reservations of Rights), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA and Section 7003 of RCRA relating to the Site. Except with respect to future liability, these covenants shall take effect upon the receipt by EPA of the payments required by Paragraph 52 (Payments for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 56 (Interest) or Section XX (Stipulated Penalties). With respect to future liability, these covenants shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 48.b. of Section XIV

36

(Certification of Completion). These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

84. <u>United States' Pre-Certification Reservations</u>. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendant to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) prior to Certification of Completion of the Remedial Action, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

85. <u>United States' Post-Certification Reservations</u>. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendant to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) subsequent to Certification of Completion of the Remedial Action, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or this information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

86. For purposes of Paragraph 84 (United States' Pre-Certification Reservations), the information and the conditions known to EPA will include only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the ROD for the Site and the administrative record supporting the ROD. For purposes of Paragraph 85 (United States' Post-Certification Reservations), the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the ROD, the administrative record supporting the ROD, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action.

87. <u>General Reservations of Rights</u>. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Plaintiff's covenants. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant, with respect to:

a. liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

37

c.    liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

d.    liability based on Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, other than as provided in the ROD, the Work, or otherwise ordered by EPA, after signature of this Consent Decree by Settling Defendant;

e.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

f.    criminal liability;

g.    liability for violations of federal or state law that occur during or after implementation of the Work;

h.    liability, prior to Certification of Completion of the Remedial Action, for additional response actions that EPA determines are necessary to achieve and maintain Performance Standards or to carry out and maintain the effectiveness of the remedy set forth in the ROD, but that cannot be required pursuant to Paragraph 11 (Modification of RD/RA Work Plan); and

i.    liability for costs incurred or to be incurred by the Agency for Toxic Substances and Disease Registry regarding the Site.

88.    Work Takeover.

a.    In the event EPA determines that Settling Defendant has (1) ceased implementation of any portion of the Work, or (2) is seriously or repeatedly deficient or late in its performance of the Work, or (3) is implementing the Work in a manner that may cause an endangerment to human health or the environment, EPA may issue a written notice ("Work Takeover Notice") to Settling Defendant. Any Work Takeover Notice issued by EPA will specify the grounds upon which such notice was issued and will provide Settling Defendant a period of ten days within which to remedy the circumstances giving rise to EPA's issuance of such notice.

b.    If, after expiration of the ten-day notice period specified in Paragraph 88.a, Settling Defendant has not remedied to EPA's satisfaction the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice, EPA may at any time thereafter assume the performance of all or any portion(s) of the Work as EPA deems necessary ("Work Takeover"). EPA will notify Settling Defendant in writing (which writing may be electronic) if EPA determines that implementation of a Work Takeover is warranted under this Paragraph 88.a.

c.    Settling Defendant may invoke the procedures set forth in Paragraph 68 (Record Review), to dispute EPA's implementation of a Work Takeover under Paragraph 88.a. However, notwithstanding Settling Defendant's invocation of such dispute resolution procedures, and during the pendency of any such dispute, EPA may in its sole discretion commence and continue a Work Takeover under Paragraph 88.a. until the earlier of (1) the date that Settling Defendant remedies, to EPA's satisfaction, the circumstances giving rise to EPA's issuance of the

relevant Work Takeover Notice, or (2) the date that a final decision is rendered in accordance with Paragraph 68 (Record Review) requiring EPA to terminate such Work Takeover.

89.     Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

## XXII.   COVENANTS BY SETTLING DEFENDANT

90.     Covenants Not to Sue by Settling Defendant. Subject to the reservations in Paragraph 91, Settling Defendant covenants not to sue and agree not to assert any claims or causes of action against the United States with respect to the Site, and this Consent Decree, including, but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund through CERCLA Sections 106(b)(2), 107, 111, 112 or 113, or any other provision of law;

b.     any claims against the United States, including any department, agency, or instrumentality of the United States, under CERCLA Sections 107 or 113, RCRA Section 7002(a), 42 U.S.C. § 6972(a), or state law regarding the Site;

c.     any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. §1491, the Equal Access to Justice Act, 28 U.S.C.§ 2412, as amended, or at common law.

91.     Except as provided  in  Paragraph 98 (Res Judicata and Other Defenses), the covenants in this Section shall not apply if the United States brings a cause of action or issues an order pursuant to any of the reservations in Section XXI (Covenants by Plaintiff), other than in Paragraphs 87.a.(claims for failure to meet a requirement of the Decree), 87.f. (criminal liability), and 87.g. (violations of federal/state law during or after implementation of the Work), but only to the extent that Settling Defendant's claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

92.     Settling Defendant reserves, and this Consent Decree is without prejudice to, claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, and brought pursuant to any statute other than CERCLA or RCRA  and for which the waiver of sovereign immunity is found in a statute other than CERCLA or RCRA, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States, as that term is defined in 28 U.S.C. § 2671, while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. However, the foregoing shall not include any claim based on EPA's selection of response actions, or the oversight or approval of Settling Defendant's plans, reports, other deliverables or activities. .

93.     Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R.§ 300.700(d).

## XXIII.  EFFECT OF SETTLEMENT; CONTRIBUTION

94.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C.§ 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C.§ 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

95.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C.§ 9613(f)(2), and that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights against Settling Defendant under the reservations in Section XXI (Covenants by Plaintiff), other than in Paragraphs 87.a. (claims for failure to meet a requirement of the Consent Decree), 87.f. (criminal liability), or 87.g.(violations of federal/state law during or after implementation of the Work), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions, Settling Defendant's Past Response Costs, or Settling Defendant's Future Response Costs.

96.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

97.     Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify in writing the United States within ten days after service of the complaint on Settling Defendant.  In addition, Settling Defendant shall notify the United States within ten days after service or receipt of any Motion for Summary Judgment and within ten days after receipt of any order from a court setting a case for trial.

98.     <u>Res Judicata and Other Defenses</u>.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXI (Covenants by Plaintiff).

40

## XXIV. ACCESS TO INFORMATION

99.    Settling Defendant shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within its possession or control or that of its contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Work. Settling Defendant shall also make available to EPA, for purposes of investigation, information gathering, or testimony, its employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

100.    Business Confidential and Privileged Documents.

a.    Settling Defendant may assert business confidentiality claims covering part or all of the Records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

b.    Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing Records, it shall provide Plaintiff with the following:  (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each *addressee and recipient; (5) a description of the contents of the Record; and (6) the privilege* asserted by Settling Defendant.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only. Settling Defendant shall retain all Records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been finally resolved in the Settling Defendant's favor.

c.    No Records created or generated pursuant to the requirements of this Consent Decree shall be withheld from the United States on the grounds that they are privileged or confidential.

101.    No claim of confidentiality or privilege shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXV.   RETENTION OF RECORDS

102.   Until 10 years after Settling Defendant's receipt of EPA's notification pursuant to Paragraph 49.b) (Completion of the Work), Settling Defendant shall preserve and retain all non-identical copies of Records (including Records in electronic form) now in its possession or control or that come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Site.  Settling Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any Records (including Records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work; provided, however, that Settling Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned Records required to be retained.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

103.   At the conclusion of this record retention period, Settling Defendant shall notify the United States at least 90 days prior to the destruction of any such Records, and, upon request by the United States, Settling Defendant shall deliver any such Records to EPA.  Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: (a) the title of the Record; (b) the date of the Record; (c) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (d) the name and title of each addressee and recipient; (e) a description of the subject of the Record; and (f) the privilege asserted by Settling Defendant.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only.  Settling Defendant shall retain all Records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been finally resolved in the Settling Defendant's favor.  However, no Records created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged or confidential.

104.   Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C.§§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C.§ 6927.

## XXVI. NOTICES AND SUBMISSIONS

105.   Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  All notices and submissions shall be considered effective upon receipt, unless otherwise provided.  Written notice as

42

specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and Settling Defendant, respectively.  Notices required to be sent to EPA, and not to the United States, under the terms of this Consent Decree should not be sent to the U.S. Department of Justice.

**As to the United States:**
One (1) copy of all written communications other than design documents and technical reports

Lawrence Fogelman
Assistant U.S. Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Re: DJ # _____

**As to EPA:**

One paper copy and two electronic copies (on CD-ROM or DVD) of design documents, and reports and one (1) paper copy of all other written communications

Chief,  Eastern New York Remediation Section
New York Remediation Branch
Emergency and Remedial Response Division
U.S. Environmental Protection Agency, Region 2
290 Broadway, 20th Floor
New York, NY  10007-1866

Attention: Shenandoah Road Groundwater Contamination Superfund Site Remedial Project Manager

and:
One (1) copy of all written *communications other than design* documents and technical reports

Chief, New York Caribbean Superfund Branch
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York, NY  10007-1866

Attention:  Shenandoah Road Groundwater Contamination Superfund Site Attorney

**As to the Regional Financial Management Officer:**

Notices required under Section XVI

U.S. Environmental Protection Agency
*26 W. Martin Luther King Drive*
Cincinnati Finance Center, MS: NWD
Cincinnati, Ohio 45268
*E-MAIL: AcctsReceivable.CINWD@epa.gov*

**As to the State:**
One (1) electronic copy of design documents, and reports and

Kiera Thompson
*State Project Coordinator*
Remedial Bureau C

43

| other relevant written communications | New York State Department of Environmental Conservation<br>Division of Environmental Remediation<br>625 Broadway<br>Albany, NY 12233 |
|---|---|
| **As to Settling Defendant:** | International Business Machines Corporation<br>Thomas Morris,  Project Coordinator<br>294 Route 100, MD 2393<br>Somers, NY 10589 |

## XXVII.   RETENTION OF JURISDICTION

106.   This Court retains exclusive jurisdiction over both the subject matter of this Consent Decree and Settling Defendant for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute Resolution).

## XXVIII.     APPENDICES

107.   The following appendices are attached to, incorporated into, and an enforceable part of this Consent Decree:

"Appendix A" is the ROD.

"Appendix B" is the RD/RA Work Plan.

"Appendix C" is the map of the Site.

"Appendix D" is the draft Environmental Easement/Restrictive Covenant

"Appendix E" is the Initial Performance Guarantee

## XXIX. COMMUNITY RELATIONS

108.   If requested by EPA, Settling Defendant shall participate in community relations activities pursuant to the community relations plan to be developed by EPA. EPA will determine the appropriate role for Settling Defendant under the community relations plan.  Settling Defendant shall also cooperate with EPA in providing information regarding the Work to the public.  As requested by EPA, Settling Defendant shall participate in the preparation of such information for dissemination to the public and in public meetings that may be held or sponsored by EPA to explain activities at or relating to the Site.  Costs incurred by the United States under this Section, including the costs of any technical assistance grant under Section 117(e) of CERCLA, 42 U.S.C. § 9617(e), shall be considered Future Response Costs that Settling Defendant shall pay pursuant to Section XVI (Payments for Response Costs).

44

## XXX.  MODIFICATION

109.   Except as provided in Paragraph 11 (Modification of RD/RA Work Plan), material modifications to this Consent Decree, including the RD/RA Work Plan, shall be in writing, signed by the United States and Settling Defendant, and shall be effective upon approval by the Court.  Except as provided in Paragraph 11, non-material modifications to this Consent Decree, including the RD/RA Work Plan, shall be in writing and shall be effective when signed by duly authorized representatives of the United States and Settling Defendant.  A modification to the RD/RA Work Plan shall be considered material if it fundamentally alters the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(ii).  Before providing its approval to any modification to the RD/RA Work Plan, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification.

110.   Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

## XXXI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

111.   This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

112.   If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXII.  SIGNATORIES/SERVICE

113.   The undersigned representative of Settling Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

114.   Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

115.   Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of it with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.  Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXXIII.  FINAL JUDGMENT

116.  This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in the Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

117.  Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and Settling Defendant.  The Court therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 3rd DAY OF July, 2014.

United States District Judge

46

Signature Page for Consent Decree regarding the Shenandoah Road Groundwater Contamination Superfund Site

FOR THE UNITED STATES OF AMERICA:

2/3/14
Dated

ROBERT G. DREHER
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20530

PREET BHARARA
United States Attorney for the
Southern District of New York

By:

LAWRENCE H. FOGELMAN
Assistant United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, NY 10007

47

Signature Page for Consent Decree regarding the Shenandoah Road Groundwater Contamination
Superfund Site

Sept. 27, 2013
Date

Walter Mugdan
Director, Emergency and Remedial Response
Division
U.S. Environmental Protection Agency, Region 2
290 Broadway -- 18th Floor
New York, NY  10007- 1866

48

Signature Page for Consent Decree regarding the Shenandoah Road Groundwater Contamination Superfund Site

**FOR INTERNATIONAL BUSINESS MACHINES CORPORATION**

23rd Sept. 2013
_____
Date

_____
EDAN DIONNE
Director, Corporate Environmental Affairs
International Business Machines Corporation
294 Route 100, MD 2393
Somers, NY 10589

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Peter J. Putignano
Senior Attorney
International Business Machines Corporation
294 Route 100, MD 2393
Somers, NY 10589
pputig@us.ibm.com

49